UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Crestmark,

    Plaintiff,

v.                              Case No. 18-13831

The Hooven-Dayton Corporation and
Che International Group, L.L.C.,      Sean F. Cox
                                               United States District Court Judge

    Defendants.
_____/

## ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff sued Defendants for breach of contract. After being properly served, Defendants failed to answer Plaintiff's complaint. The Clerk entered defaults against Defendants. Plaintiff now moves for a default judgment in the amount of $1,043,870.90. For the reasons below, the Court will grant Plaintiff's motion.

## BACKGROUND

Plaintiff Crestmark provides loans to small and mid-size companies. Compl. ¶ 7. On July 7, 2016, Crestmark and Defendant Hooven-Dayton Corporation ("Hooven") entered into a loan and security agreement. *Id.* at ¶ 8. Under the loan agreement, Crestmark agreed to advance, and Hooven agreed to repay, the principal amount of $5,600,000, plus expenses, fees, costs of collection, and interest. *Id.* at ¶ 9. Defendant Che International Group, L.L.C., ("CIG") guarantied the loan. *Id.* at ¶ 10. Hooven's debt was also secured by a promissory note, which CIG also guarantied. *Id.* at ¶ 11.

Under the terms of the loan, Hooven agreed to make payments to Crestmark, to maintain a loan balance in accordance with the terms set forth in the loan documents, and to maintain a specific debt service ratio. *Id.* at ¶ 16. Hooven breached all of these conditions. *Id.* at ¶ 18.

1

On January 13, 2017, Crestmark notified Hooven and CIG of Hooven's breach. *Id*. at ¶ 22. On May 11, 2017, Crestmark, Hooven, and CIG entered into a letter forbearance agreement. *Id*. at ¶ 23. In the first forbearance agreement, Hooven admitted that it was in default and that it owed $4,867,549.58, and waived all defenses. *Id*. at ¶ 26, 27. CIG expressly reaffirmed its guaranty. *Id*. at ¶ 25.

On February 7, 2018, the parties entered into a second forbearance agreement. *Id*. at ¶ 29. Hooven and CIG reaffirmed their default and CIG's guaranty, and waived all defenses. *Id*. at ¶ 30-32. Hooven also agreed to obtain a commitment for alternate financing on or before April 15, 2018, and that it would pay the full amount due no later June 30, 2018. *Id*. at ¶ 33.

Hooven failed to obtain alternate financing or pay the debt. *Id*. at ¶ 34. On April 10, 2018, the parties entered into a surrender agreement, under which Hooven and CIG agreed that they remained in default and that the amount due was $3,320,753, not including fees and expenses. *Id*. at ¶ 35. Hooven acknowledged that it had ceased conducting business activities and agreed to assist Crestmark in liquidating its collateral. *Id*. at ¶ 36.

On May 15, 2018, Crestmark conducted a U.C.C. foreclosure sale of Hooven's collateral. *Id*. at ¶ 38. The sale generated $1,305,000. *Id*. Crestmark acquired other of Hooven's personal property by submitting a credit bid for $1,000,000. *Id*. The auctioneer's fee was $155,000. *Id.*

After the application of the above amounts, the amount due and owing by Hooven to Crestmark after the U.C.C. foreclosure sale was $1,025,727, not including fees and interest. *Id*. at ¶ 39. Hooven and CIG have failed to pay this amount. *Id*. at ¶ 40-42.

On December 11, 2018, Crestmark filed a verified complaint, alleging breach of contract against Hooven and breach of guaranty against CIG. (ECF No. 1). On December 19, 2018,

Crestmark served the complaint and summons on the registered agent of Hooven and CIG. (ECF Nos. 10, 11). Neither Defendant responded and, on January 15, 2019, the Clerk of the Court entered default against both Defendants. (ECF Nos. 15, 16). Crestmark served the Clerk's entry of default on both Defendants. (ECF No. 17).

On January 24, 2019, Crestmark requested that the Clerk enter a default judgment against Defendants. (ECF No. 18). The Clerk denied this request because "[t]he sum certain amount could not be made certain by computation by the Clerk." (ECF No. 20).

Thereafter, Crestmark filed this motion for default judgment, requesting a judgment in the amount of $1,043,870.90. (ECF No. 21). Crestmark served Defendants with notice of the Court's intention to hear oral arguments on this motion. (ECF No. 24). The Court heard oral arguments on this motion on May 9, 2019. Neither Defendant appeared at the hearing.

**ANALYSIS**

Rule 55(a) of the Federal Rules of Civil Procedure provides that a default can be entered against a party for failure to plead or otherwise defend the claim. Because the Clerk of the Court entered a default against Defendants, "the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 848 (E.D. Mich. 2006) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)). In other words, the entry of a default against Defendants "conclusively establishes every factual predicate of a claim for relief." *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007); *see also Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985) ("[T]here is no question that, default having been entered, each of [the plaintiff's] allegations of fact must be taken as true and each of its [] claims must be considered established as a matter of law.").

"[A]llegations regarding the amount of damages must be proven." *Broadcast Music, Inc. v. Pub Acquisition, LLC*, 2014 WL 2993661 at *4 (N.D. Ohio 2014). Under Rule 55(b)(1), Crestmark must "establish that the damages requested are such that may be computed to a sum certain." *Meyer v. City of Cincinnati*, 943 F.2d 52 at *3 (6th Cir. 1991). "The court must conduct an inquiry sufficient to establish damages to a reasonable certainty." *J&J Sports Prods., Inc. v. Cole's Place, Inc.*, 2012 WL 469918, at *2 (W.D. Ky. 2012).

Here, Crestmark's allegations, which are accepted as true, show that Hooven breached the loan agreement by failing to make payments, failing to maintain a loan balance in accordance with the terms set forth in the loan documents, and failing to maintain a specific debt service ratio. Compl. at ¶ 16, 18. And CIG is also liable for this default because of its guaranty. (ECF No. 1-5). Thus, the Defendants are liable to Crestmark.

To support its damage award request, Crestmark submitted an affidavit from its representative Scott Keusch, (ECF No. 21-5). Keusch testified that, as of May 2018, Defendants owed $3,175,729. Keusch Aff. ¶ 7. After the U.C.C. Sale, which generated $1,305,000, and the credit bid, which generated $1,000,000, Defendants owed $870,729. *Id*. at ¶ 7. Crestmark incurred a $155,000 auctioneer's fee, for which Defendants are responsible. *Id*.; (ECF No. 1-2, PageID 24) ("Borrower will pay all expenses in connection with the assembly or sale of the Collateral"). Thus, after Crestmark recouped what it could, Defendants still owed $1,025,729. Keusch Aff. ¶ 7.

Since its recoupment efforts, Crestmark has incurred legal fees and costs in the amount of $ 18,141.90. *Id.* at ¶ 8. Defendants are responsible for these fees. (ECF No. 1-2, PageID 16) ("In addition, all expenses of every kind incurred by Crestmark in connection with the Loan, any Advance, collection of the Obligations, inspection, and examination are to be paid by Borrower.").

Therefore, the total amount owed by Defendants to Crestmark is $1,043,870.90. Keusch Aff. ¶ 9.

## CONCLUSION

By way of Keusch's affidavit and the other submitted documents, Crestmark has sufficiently proven its requested damages figure of $1,043,870.90. Accordingly, the Court **GRANTS** Crestmark's motion for default judgment. The Court will enter a separate judgment consistent with this order.

**IT IS SO ORDERED.**

                                                          s/Sean F. Cox
                                                          Sean F. Cox
                                                          United States District Judge

Dated: May 9, 2019